**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**COURT FILE NO.: CV - _____**

| | |
|---|---|
| **ROBERT LEVANDER** | |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | |
| **I.C. SYSTEM, INC. and JOHN DOE** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"); out of the invasions of Plaintiff's personal privacy; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq*; by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff ROBERT LEVANDER is a natural person who resides in the City of Linden, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant I.C. SYSTEM, INC. (hereinafter "Defendant ICS") is an Minnesota corporation and a collection agency operating from an address of 444 Highway 96 East, P.O. Box 64887, St. Paul, MN 55164-0887 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     In 2005, Plaintiff's incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Target National Bank account in the approximate amount of $1209.38, which was used by the Plaintiff to make personal purchases of clothing and household-related items.

### *Collection Activities Begin*

7.     Sometime in or around April 2008, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

8.     During this time period, Defendant called Plaintiff's home phone and personal cellular phone number multiple times a day and on several occasions Defendants did not disclose his/her identity.

9.     On multiple occasions Defendants did not leave a voice message identifying themselves or the purpose of their call.

10.    On these occasions, Defendants did not leave their contact information.

11.     Defendants also repeatedly used and left pre-recorded messages requesting the Plaintiff to return their calls; in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

12.     Sometime in mid-May 2008, Defendant telephoned Plaintiff and refused to disclose their identity despite Plaintiff's inquiry.

13.     Upon Defendants refusal to identify himself, Plaintiff hung up.

14.     On one occasion, at dinner time (when the Plaintiff's entire family was seated at the dinner table), the Defendants commenced a barrage of calls to both Plaintiff's residential phone and personal cell phone at the same time, in an obvious attempt to harass Plaintiff into paying the debt.

15.     These were collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

a. §1692c(a)(1). At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm;

b. §1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;

c. §1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;

f. § 1692d(6). Placed telephone calls without disclosing his/her identity;

f. § 1692f . Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

### *Summary*

16.     The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt and engaging Plaintiff in phone calls demanding payment for this debt, was a

violation of numerous and multiple provisions of the FDCPA, including but not limited to 1692c(a)(1), 1692d, 1692d(5), 1692d(6), and 1692f, amongst others.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

*Respondeat Superior Liability*

18. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant I.C. Systems, Inc.

19. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**TRIAL BY JURY**

22.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

23.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**COUNT II.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

26.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27.   Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

28.   Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

29.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

30.   These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

31.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

**VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT**

32.   Plaintiff incorporates the preceding allegations by reference.

33.   Defendant ICS and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

34.   Plaintiff is a debtor as that term is defined in MCL 339.901(l).

35.   Defendant's foregoing acts in attempting to collect this debt against plaintiff constitute violations of the Occupation Code.

36.   Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

37.   These violations of the Michigan Occupation Code were willful.

## COUNT IV.

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE

38.    Plaintiff incorporates the preceding allegations by reference.

39.    Defendant is a "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

*40.*    Defendant's foregoing acts in attempting to collect this debt against plaintiff constitute violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq.*

41.    Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

42.    These violations of the Michigan Debt Collections Practices Act were willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 3, 2008                     **REX ANDERSON PC**

By:  **s/Rex Anderson**
Rex C. Anderson, Esq. (P47068)
**Attorney for Plaintiff**
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
REX@REXANDERSONPC.COM

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN          )
                           ) ss
COUNTY OF GENESEE          )

Plaintiff **ROBERT LEVANDER,** having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**ROBERT LEVANDER**

Subscribed and sworn to before me
this _3rd_ day of _October, 2008_

Notary Public, _Genesee_ County

My Commission expires _9/29/2013_

-10-