UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER                           Case No. 2:08-cv-14241

      Plaintiff,                                       Hon:  David M. Lawson

-vs-

I.C. SYSTEM, INC., and
JOHN DOE,

      Defendants.

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 28 USC 1927

Plaintiff incorporates by reference his previously filed pleadings, including his response to Defendant's Motion to Limit Damages; his unfiled response to Defendants' Motion for Immediate Consideration attached as exhibit A to Plaintiff's Motion for Attorney Fees Pursuant to 28 USC 1927.

This court's order entered subsequent to hearing on March 4, 2009, held:

> *"It is further **ORDERED** that the deposition of the witness designated under Fed. R. Civ. P. 30(b)(6) must be completed **on or before March 19, 2009.** The deposition shall take place in Michigan, and the cost of bringing the witness to Michigan will be shared equally by the parties and must be paid in advance. This allocation of costs is without prejudice to the parties' application for reimbursement at an appropriate time at the end of the case.*
> *It is further **ORDERED** that the deposition may cover the topics of the actual collection practices employed in this case, **general collection practices of the defendant, any complaints that have been received regarding collection practices, the identification of the individuals who placed calls to the plaintiff and any resulting disciplinary records**, and evidence of whether the calls to the plaintiff were monitored.*
> *It is further ORDERED that the plaintiff shall be deposed within two weeks of the completion of the Rule 30(b)(6) witness's testimony."* (emphasis added).

The above order was entered after a hearing where both parties' had a fair opportunity to be heard. The language of the order was clear and unequivocal. Two days after its entry the Defendant filed a motion to limit damages and stay proceedings. Within a few days after that Defendant filed a motion for immediate consideration, the nature of which, required Plaintiff's "immediate" attention. Plaintiff prepared a response which was completed but not filed prior to entry of the Court's order denying the defense motion for immediate consideration. There was

no justifiable basis for requesting "immediate consideration" as this Court had recently given its ruling requiring the Defendant to produce its corporate representative for deposition. It was not reasonable to believe that this Court would reverse itself less than a week after rendering its decision to allow Plaintiff to depose the Defendant's representative. In further support, the Court in fact denied the Defendant's motion. Defendant's motion to limit damages could have been brought months earlier as the Bankruptcy issue was well known to Defendant for several months so there was no need for its immediacy.

Defendant clearly cannot argue that Plaintiff could have chosen to simply ignore the defense motion for immediate consideration as it potentially jeopardized his only chance to obtain discovery. Even if the Court were to have granted Defendant's motion to limit damages, the Plaintiff would have been entitled to his 30(b)(6) deposition as damages have nothing to do with whether the Defendant violated the FDCPA. This clearly demonstrates the motion's dilatory purpose and the effect to "obstruct litigation."

Defendant's Motion for Immediate Consideration was of paramount concern to Plaintiff as this was Plaintiff's first opportunity to get any discovery whatsoever and for which he had already paid. Although Plaintiff has cooperated by providing substantive answers and responses to Defendant's interrogatories, Defendant has not reciprocated. Defendant has ignored and refused to respond or object to Plaintiff's written discovery requests served December 1, 2008.

Defendant has done an expert job of delaying the progress of this case forcing Plaintiff down one rabbit hole after another. Six months into this case, Plaintiff still has not completed the 30(b)(6) deposition, still does not have responses to his interrogatories or his requests to produce and has racked up over 80 hours of attorney time. Another example of "obstructing the litigation" was the 30(b)(6) witness' inability on March 17, 2009 to testify as to topics specified in this Court's order. This will be the subject of a separate contempt motion as soon as the transcripts are received.

2

Although requested in the Notice of Depositon Duces Tecum, **and ordered by this Court,** the 30(b)(6) witness did not bring documents or come prepared to testify "… regarding the general collection practices of the Defendant, any complaints that have been received regarding collection practices, the identification of the individuals who placed the calls to the Plaintiff and any resulting disciplinary records …"   The witness did not know the identity of the individual collectors making the calls and she did not bring, and was unable to testify about, the callers' disciplinary records. Defendant ignored Plaintiff's notice of deposition duces tecum (and did not claim privilege) by failing to produce:

- 1) FDCPA training manual; 2) documents related to "any complaints regarding collection practices" i.e. recent FDCPA violations, FTC (Federal Trade Commission) complaints and State Attorney General complaints; 3) Personnel files of the individual collectors working plaintiff's account – so plaintiff could determine whether there had been history of FDCPA complaints filed against the individual debt collectors or IC Systems Inc.

The deponent testified she never interviewed the individual collectors and therefore could not even testify as to the factual basis of the Defendant's answer. Given the lack of preparedness, it was not surprising that Defendant terminated the deposition unexpectedly at approximately 3:00 p.m.  Notably, it was the Defendant who scheduled the time for the deposition to commence at 10:00 a.m., and then took a one-hour lunch break. Defendant's deponents never disclosed to Plaintiff that "they had a plane to catch," until they suddenly terminated the deposition at 3:00 p.m.

The Defendant's 30(b)(6) witness came to the deposition without knowledge of all the topics this Court ordered to be covered. If an unprepared witness is produced to testify, it is the equivalent of failure to produce. The "Corporation must make a conscientious, good faith attempt to designate knowledgeable people and prepare them so they can answer fully, completely and unevasively to the examination of the relevant matters. *Dravo Corp v Liberty Mutual Ins Co,* 164 FRD 70 at 74 & 75 (D. Neb 1995).

Also problematic was that Defendant took opportunities to engage in off-the-record conferences during the deposition. When deposing counsel attempted to question the witness

3

as to these "off the record" discussions, Defendant objected and the witness refused to answer. This conduct is improper and contrary to the growing body of Federal law which governs Federal court discovery. Courts now permit opposing counsel to inquire into private conversations between the witness and his or her lawyer during breaks in the deposition to ascertain whether there has been any witness coaching and, if so, what it was. *Applied Telematics. Inc. v. Sprint Corp.*, 1995 W. L. 79237, *4 (E.D. Pa. 1995) ("'Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege"); *Hall v. Clifton Precision,* 150 F.R.D. 525, 529, n.7 (E. D. Pa. 1993) (such conferences are not protected by the attorney-client privilege, but are fair game for the deposing attorney).

The "estoppel" argument set forth in Defendant's motion to limit damages is inapplicable to the facts of this case as pointed out in Plaintiff's response. The estoppel law cited by Defendant does not support the proposition that a debt collector can rely and limit its damages based upon the consumer's disclosure and exemption of his FDCPA claim in a prior Bankruptcy. Moreover, fees awarded to Plaintiff's counsel do not become part of the Bankruptcy estate, are not administered by the trustee, and may not be recovered by the trustee in a turnover or "strong-arm" proceeding.

*In re Knudsen Bros. Dairy, Inc.*, 24 B.R. 418, 421 (Bankr. D. Conn. 1982). See also *In re Ashley*, 41 B.R. 67, 71 (Bankr. E.D. Mich 1984) (attorney has charging lien, trustee has no right to require turnover of fees); *In re A. Tarricone, Inc.*, 76 B.R. 53, 57 (Bankr. S.D.N.Y. 1987) (attorney may withhold fees from proceeds of recovery); *Perlmutter v. Johnson*, 6 Conn. App. 292, 298, 505 A.2d 13 (1986) attorney has equitable lien on proceeds for services rendered). To rule otherwise would require the debtor's attorneys to pay the bankrupt Plaintiff's creditors out of funds which the attorneys -- not the debtor -- earned. That would be unjust and inequitable. *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1365, 1366 (5th Cir. 1979) ("the fee once awarded becomes in effect an asset of the attorney, not the client").

Significantly, Defendant has operated throughout this litigation as though it had filed an effective offer of judgment. Under *Rivera v Corporate Receivables, Inc.*, 540 F. Supp. 2d. 329; defendant's offer of judgment is ineffective as it does not provide for reasonable attorney fees to be determined by the court. There is no point in limiting damages to the consumer while

4

increasing the attorney fees. The defense motions were brought with "an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court." *US v Ross,* 535 F2d 346 at 349 (1976).  In fact, it's difficult to find a better example of dilatory litigation practices.  On March 4, 2009, this Court ruled that Plaintiff would finally get some discovery in the form of a 30(b)(6) deposition. Both of Defendant's subsequent motions attempt to thwart that ruling and "deliberately delay its progress." Id

 "Defendants do not charge plaintiff's counsel with bad faith but rather with "... [multiplying] the proceedings in [the] case unreasonably and vexatiously ...", 28 U.S.C. § 1927.   As explained in the legislative history of the current form of § 1927, 1980 U.S. Code Cong. & Ad. News 2716, 2782, this section is designed as a sanction against dilatory litigation practices and is intended to require attorneys to satisfy personally the excess costs attributable to their misconduct. In *United States v. Ross*, 535 F.2d 346 (6th Cir.1976), the court defined "unreasonably and vexatiously" to mean "an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court", *Piljan v. Michigan Dept. of Social Services,* 585 F. Supp. 1579 at 1583 (1984).

Given the evidence of Defendant's refusal to provide substantive answers to Plaintiff's written discovery requests, their refusal at the 30(b)(6) deposition to testify on topics ordered by this Court; and now their refusal to cooperate in providing a date for the continuance of the 30(b)(6) deposition (see Exhibits A & B), it is safe to assume that defense counsel knows its "litigation tactics will needlessly obstruct the litigation of non frivolous claims." *Jones v Cont'l Corp.,* F.2d 1225, 1232 (6th Cir. 1986). It is further reasonable to find that defense counsel has engaged in "serious and studied disregard for the orderly process of justice." *Knorr Brake Corp. v. Harbil, Inc.,* 738 F.2d 223, 226, 227 (7th Cir. 1984) (citations omitted).

For all of the foregoing reasons, Plaintiff requests this court to grant it motion for attorney fees pursuant to 28USC 1927.

                                        Respectfully submitted,

April 28, 2009                                        __/s/ Rex C. Anderson_____
                                                        Rex C. Anderson, Esq. (P47068)
                                                        Attorney for Plaintiff
                                                        9459 Lapeer Rd, Suite 101
                                                        Davison MI 48423
                                                        Telephone:  (810) 653-3300
                                                        rex@rexandersonpc.com

**CERTIFICATE OF SERVICE**

      I certify that on April 28, 2009, the foregoing papers were electronically filed with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to the following:

| Daniel J. Ammon | Gregory R. Neidle | Brian P. Parker |
| --- | --- | --- |
| 30150 Telegraph Rd. | 30150 Telegraph Rd. | 30700 Telegraph Rd. |
| Suite 410 | Suite 410 | Suite 1580 |
| Bingham Farms, MI 48025 | Bingham Farms, MI 48025 | Bingham Farms, MI 48025 |

                                                                                                       */s/ Rex C. Anderson*
                                                                                                    Rex C. Anderson, Esq. (P47068)
                                                                                                    Attorney for Plaintiff
                                                                                                    9459 Lapeer Rd, Suite 101
                                                                                                    Davison MI 48423
                                                                                                    Telephone:  (810) 653-3300
                                                                                                    rex@rexandersonpc.com