UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER                                         Case No. 2:08-cv-14241

    Plaintiff,                                              Hon:  David M. Lawson
-vs-

I.C. SYSTEM, INC., and
JOHN DOE,

    Defendants.

| Rex C. Anderson (P47068) | DOBBS & NEIDLE, P.C. |
|---|---|
| Attorney for Plaintiff | Daniel J. Ammon (P50923) |
| 9459 Lapeer Rd, Suite 101 | Gregory R. Neidle (P59273) |
| Davison, MI 48423 | Attorneys for Defendants |
| (810) 653-3300 | 30150 Telegraph Road, Suite 410 |
| rex@rexandersonpc.com | Bingham Farms, MI 48025 |
|  | (248) 723-9511 |
| Brian P. Parker (P48617) | dammon@dobbsneidle.com |
| Co-Counsel for Plaintiff | gneidle@dobbsneidle.com |
| 30700 Telegraph Rd., Suite 1580 |  |
| Bingham Farms, MI 48025 |  |
| (248) 642-6268 |  |
| lemonlaw@ameritech.net |  |

### **PLAINTIFF ROBERT LEVANDER'S MOTION IN LIMINE**

    NOW COMES Plaintiff Robert Levander, by and through his attorney, and requests this Court limit Defendants IC Systems, Inc. and John Doe from introducing certain evidence at the time of trial in this matter.

    Plaintiff relies upon the attached brief in limiting the evidence to be introduced at trial by Defendants.

-1-

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Intimations as to plaintiff's character, and inflammatory or prejudicial arguments are typical in FDCPA cases, even though the only issue is whether defendant violated the Act by its actions in attempting to collect a consumer debt. Direct or implied attacks on the plaintiff are improper. Fed. R. Evid. 401, 403, 404.

## Deadbeat argument

"One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697. Despite the congressional finding, defense counsel typically begins memoranda by claiming that, by bringing an FDCPA action, Plaintiff is seeking to immunize himself from the collection process and the natural, legitimate consequences of nonpayment of debt. Not only is this immaterial and speculative, but the argument is nonsensical. Bringing an FDCPA enforcement action does not immunize anyone from the underlying debt, which is a separate transaction.

"No section of the Act requires an inquiry into the worthiness of the debtor, or purports to protect only `deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997).

Defendant should be precluded from making any "deadbeat" claims, which Congress itself recognized as a fallacy.

## Plaintiff's Motives

The FDCPA relies on and encourages consumers, such as plaintiff, to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. ' 1692k(a). Indeed, Congress stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Congress intended that the FDCPA be enforced by private attorneys general. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Counsel for Defendants may attempt to inflame the jury by claiming that Plaintiff brought this action "for the money". By denigrating the motives of Plaintiff, Defendants contravene Congress' express intent that plaintiff properly has such a motive.

Defendants' arguments are, of course, meant to reduce the statutory damage recovery. Nothing in the FDCPA allows the jury to consider plaintiff's motives in awarding damages. 15 U.S.C. §1692(k). To determine the amount of damages, the jury considers the nature of the violation, the frequency and persistence of the violation, the extent to which the violation was intentional, and the number of violations. §1692k(b)(1); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1467 (C.D. Cal. 1991).

Thus, Plaintiff's motives are immaterial.

## Existence of the Debt

Defendants are required to comply with the FDCPA whether or not any debt is owed. 15 U.S.C. §1692a(3),(5),(6). The existence or validity of an underlying debt is not material in an FDCPA action. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Defendant should not be permitted to

examine or refer to any other debt (the discredited "deadbeat" argument) or to whether the plaintiff owes the debt underlying this case.  It is simply irrelevant as to whether defendant violated the FDCPA.

## Technical Violation of the FDCPA

Under the FDCPA, there is no such thing as a "technical" violation of the Act.  A single violation of the FDCPA is sufficient to subject a debt collector to liability.  *Fair Debt Collection Practices Act*, §802 et seq., 15 U.S.C.A. §1692 et seq., *Foti v NCO Financial Systems, Inc.*, 424 F. Supp.2d 643 (S.D. NY, 2006), *Duffy v. Landberg (II)*, 215 F.3d 871 (8th Cir. 2000).  A consumer need not show intentional violations of the Act by a debt collector to be entitled to damages.  *Fair Debt Collection Practices Act*, §802 et seq., 15 U.S.C.A. §1692 et seq., *Foti v NCO Financial Systems, Inc.*, 424 F. Supp.2d 643 (S.D. NY, 2006).  The Foti case is the most current case law upholding the fact that there is no such thing as a technical violation of the Act.

Therefore, Defendants should be prevented from introducing any evidence at trial regarding a technical violation of the FDCPA.

## Plaintiff's Prior Bankruptcy Case

Defendant intends to introduce evidence related to Plaintiff's prior Chapter 7 Bankruptcy case and has even listed Plaintff's counsel as a trial witness.  Defendants can not show that evidence regarding the Bankruptcy case is relevant to the defenses in this case.

Defendant has already deposed Plaintff as to these matters which did not elicit any relevant evidence. Plaintiff merely testified that he relied upon his attorney in scheduling his FDCPA claim.  The fact that plaintiff filed bankruptcy and discharged this debt is is irrelevant to the issues at bar, namely whether sixty six calls in a two consecutive two day period violates the FDCPA.

Plainitff does not allege that Defendant's improper conduct occured after the impositon of the automatic stay. All allegations pled related to events prior to the bankruptcy petition filing. As such Defendant's attempt to introduce evidence of Plaintiff''s bankruptcy is nothing more than a veiled attempted to interject irrelevant, predjudicial and inflammatory evidence before the jury.

The first question in looking at this issue is relevance. The information sought to be introduced to the jury by Defendant is not relevant to any of the claims or defenses set forth by the parties, therefore, it cannot possibly be crucial to the defense of their case. Not only is it not crucial, but it is also not relevant to Plaintiff's credibility.

Defendant's have argued for the court to limit plaintiff's damages based upon an estopel argument, that Plaintiff is limited to values disclosed on his bankruptcy schedules. Now Defendants intends to interject these same issues before the jury. Plaintiff has recently found case law which supports that absent bad faith, when a debtor makes an unambiguous manifestation of intent to seek an unlimited exemption in property, then, absent a timely objection, that property is exempt in its entirety, even if its actual value exceeds statutory limits and it is no longer property of the estate. *Olson v Anderson*, 377 BR 865 (2007). See Also *Fedotov v. Peter T. Roach and Associates, P.C.*, 354 F.Supp.2d 471 (S.D. NY, 2005), (holding that FDCPA claim reverts to debtor if the trustee has not administered at time of bankruptcy case closing) and *Sparkman v. Zwicker and Associates, P.C.*, 374 F.Supp.2d 293 (E.D. NY, 2005) (holding debtor was not judicially estopped from asserting FDCPA money damage claim even where debtor listed the value of the FDCPA claim as zero on her schedules). These cases severely undercut the estopel argument in favor of limiting damages and render those same issues, which Defendants are attempting to place before the jury, irrelevant.

Therefore, any evidence regarding Plaintiff's prior bankruptcy case should be excluded.

## Attorney's Motives

FDCPA defendants often claim that the plaintiff's attorney's fee recovery is the "engine running this suit."  That claim is, again, contrary to the intent of Congress that the FDCPA be enforced by private attorneys rather than overburdened public servants.  *Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general").

Moreover, the argument is spurious where, as here, it is completely within Defendants' power to keep Plaintiff's fees to a minimum.  Defendants mount a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so.  *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981).  *See also Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992).  They cannot be heard to complain when this comes to pass.

Therefore, Defendants should be prevented from introducing any evidence relative to the perceived motives of Plaintiff's counsel in this case.

## Plaintiff's Counsel and Trustee as Witnesses

Defendant has listed Plaintff's counsel and Chapter 7 Trustee Collene Corcoran as witnesses to be called at trial. Given that the bankruptcy issue is not relevant, under *Olson*, *Fedotov* and *Sparkman*, the Court should sustain Plaintff's objection to them being called at trial. Further, Defendant's attempt to call Plaintiff's counsel as a witness is really an attempt to disqualify trial counsel.  If allowed, this would work a substantial hardship on his client. The general rule is that a lawyer cannot appear as a fact witness to a disputed fact in a case for his client.  *See* Michigan Rules of Professional Conduct Rule 3.7(a).

**Rule 3.7 Lawyer as Witness**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client

Courts generally disfavor allowing a party's lawyer to be called at trial for the obvious reason that counsel could be disqualified and his client left without counsel of his choosing. Unquestionably, the ability to deny one's opponent the services of capable counsel, is a potent weapon. Confronted with such a motion, courts must be sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of his choice. *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F.2d 222, 224 (6th Cir.1988).

    Defense counsel has not shown any of the elements of necessity, and the threshold for calling a party's attorney as a witness is high. In *Smith v. Arc-Mation, Inc.*, 402 Mich. 115, 118-119, 261 N.W.2d 713 (1978), our Supreme Court reversed a disqualification order issued pursuant to the predecessor to MRPC 3.7(a), DR 5-101(B), because the party seeking disqualification had not shown that the attorney's testimony was necessary. *In re Susser Estate*, 254 Mich.App. 232, at 238 (2002). The court in *Smith v. Arc-Mation, Inc.* notes the dangerous territory of allowing opposing counsel to disqualify an attorney by calling them as a witness.

Referring to a lower court's decision on appeal to the Michigan Supreme Court, the Court opined:

> [T]he Court of Appeals appear to be saying that if any arguable question can be raised regarding the propriety of a lawyer continuing to appear in a case, an order can be obtained disqualifying that lawyer. **That constitutes, in our opinion, a dangerous doctrine. It puts in the hands of an adversary the ability to force an opponent to change counsel if the adversary can advance any arguable grounds in support of disqualification.** [emphasis added] Under this doctrine, no lawyer or firm that participates in drafting an instrument will be able to represent the client if litigation results.
>
> *Smith v. Arc-Mation, Inc.*, 402 Mich. 115, 118 (1978).

Given the testimony which Plaintiff's counsel could yield on the irrelevant issue of the Plaintiff's bankruptcy, the Defendant's bad faith and improper purpose is obvious. Further, courts generally see through this tactic. Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982); *Reed Elsevier, Inc. v. Thelaw.net Corporation*, 197 F.Supp.2d 1025, 1027 (S.D. OH, 2002).

Therefore, Defendants should be prevented from any attempt to call Plaintiff's counsel as a witness for any reason at trial in this matter.

**WHEREFORE**, Plaintiff Robert Levander respectfully requests that the Court grant his Motion in Limine in its entirety to avoid improperly prejudicial and inflammatory references, to

restrict the case to the issue at hand (whether defendant violated the FDCPA), and prevent severe prejudice to the Plaintiff, and grant any such further relief as this Court deems just and equitable.

.

                                          Respectfully submitted,

                                          REX ANDERSON PC

Dated:  May 13, 2009                           By: /s/  Rex C. Anderson____
                                          Rex C. Anderson, Esq. (P47068)
                                          Attorney for Plaintiff
                                          9459 Lapeer Rd
                                          Davison MI 48423
                                          Telephone:  (810) 653-3300
                                          Facsimile: (866) 813-4195
                                          rex@rexandersonpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2009 a copy of the above document was filed with the Clerk of the Court using the Court's ECF filing system which will send notification of the filing to the following:
Daniel J. Ammon - dammon@dobbsneidle.com
Gregory R. Neidle - gneidle@dobbsneidle.com

                                            /s/ Rex C. Anderson_____
                                          Rex C. Anderson, Esq. (P47068)
                                          Attorney for Plaintiff
                                          9459 Lapeer Rd
                                          Davison MI 48423
                                          Telephone:  (810) 653-3300
                                          rex@rexandersonpc.com