UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER,

                Plaintiff,                        Case Number 08-14241

v.                                            Honorable David M. Lawson

I.C. SYSTEM, INC.,

                Defendant.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO FILE TARDY MOTION *IN LIMINE*, AND DENYING MOTION *IN LIMINE*

The Court entered a scheduling order on December 10, 2008, requiring that the parties file any motions *in limine* on or before May 11, 2009.  On May 13, 2009, the plaintiff filed a motion, asking that he be permitted to file a tardy motion *in limine*.  The plaintiff argues that he missed the deadline by only two days, and allowing the late filing will not interfere with any other orders in the scheduling order.  He also alleges that there was staff confusion in his counsel's office related to a technology upgrade.  The Court finds that the request for two additional days is reasonable, and will grant the request.  *See* Fed. R. Civ. P. 16(b)(4).

Also on May 13, 2009, the plaintiff filed his motion *in limine*.  Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence in the relief requested before filing a motion with this Court.  If concurrence is obtained, the parties then may present a stipulated order to the Court.  If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [ ] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2). The plaintiff is well aware of this rule,

as the Court previously denied a motion he filed for failure to seek concurrence.  The requirement that concurrence be sought before filing a motion has special force in the context of a motion *in limine*, as often the other party has no intention of offering the allegedly offending evidence at trial. The plaintiff's motion does not state that concurrence was sought from the defendant, nor does it even contain a serious representation that the defendant intends to offer any of the evidence at trial. The Court cannot know what evidentiary issues are actually in dispute from the plaintiff's motion. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101 (D. Mass. 1996).  The plaintiff has filed his motion *in limine* in violation of the applicable rules.

Accordingly, it is **ORDERED** that the plaintiff's motion for leave to file tardy motion [dkt. #52] is **GRANTED**.  The plaintiff may file a motion *in limine* **on or before May 13, 2009.**

It is further **ORDERED** that the plaintiff's motion *in limine* [dkt. #53] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 21, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2009.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI