UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER,

      Plaintiff,

-vs-

I.C. SYSTEM, INC., a foreign
corporation, and JOHN DOE,

      Defendants.

Case No. 2:08-cv-14241

Hon: David M. Lawson

---

**REX ANDERSON, P.C.**
Rex C. Anderson (P47068)
Attorney for Plaintiff
9459 Lapeer Road, Suite 101
Davison, MI 48423
Phone: (810) 653-3300
Fax: (810) 658-2510
Email: rex@andersonpc.com

**DOBBS & NEIDLE, P.C.**
Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorneys for Defendants
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531
Email: gneidle@dobbsneidle.com
      dammon@dobbsneidle.com

---

## DEFENDANTS' OBJECTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION

Defendants, by and through their attorney Gregory R. Neidle, object to the Fee Application of Plaintiff's counsel. Defendants respectfully ask this Court to deny Plaintiff's fee application and instead fix an award that is in keeping with the "reasonable" requirement of the 15 U.S.C. §1692k(a)(3), established case law and other persuasive authority.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

## BACKGROUND

**The $1,000.00 Case**

Plaintiff's fee application represents a windfall to Plaintiff's counsel, Mr. Rex Anderson and co-counsel, Mr. Brian Parker.  They seek over $62,000.00 in attorney fees and costs from Defendants for their work in this Fair Debt Collection Pratcies Act ("FDCPA") case.  This Court is reminded 3.33 hours of counsel's time at $300.00 per hour[1] equals the $1000.00 maximum potential damage award available to Plaintiff at the time he filed his Complaint. Well before Plaintiff filed this matter, both Plaintiff and his counsels knew this case was worth no more than $1000.00.  On May 28, 2008 – 128 days before this suit was filed, Plaintiff and his spouse filed for Chapter 7 bankruptcy.  Mr. Anderson also represented Plaintiff in the bankruptcy.  Significantly, on Schedules B & C of his bankruptcy petition, Plaintiff valued his potential FDCPA claim at $1,000.00.  (**Exhibit 1**).  Plaintiff did so under penalty of perjury.  In his Motion for Abandonment of this FDCPA claim filed in Plaintiff's bankruptcy, Plaintiff again represented to the Bankruptcy Court and Collene Corcoran, the Chapter 7 Trustee, (**Exhibit 2: 02/04/09 Affidavit of Collene K. Corcoran**), that his claims were of inconsequential value.  In reliance on these representations, the bankruptcy court granted debtor's motion which a;;owed Plaintiff to pursue this matter in his own name outside of the bankruptcy. (**Exhibit 3**).

This case was filed on October 3, 2008.  Absent actual damages as is the case here, the Plaintiff Robert Levander's retainer agreement with his attorney, Rex Anderson, entitles Plaintiff to receive $1,000.00.  (See "Consumer Law Retainer Agreement", **Exhibit 4**).  The Retainer Agreement entitles Anderson to all additional attorney fees and costs.  *Ibid*.  On

---

[1] Defendants do not concede that $300.00 per hour is reasonable and customary as the rate applies to this matter.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

January 27, 2009, immediately after learning that Plaintiff had filed for bankruptcy[2], Defendant's counsel alerted Mr. Anderson that this case was only worth $1,000.00. (**Exhibit 5**)  Later, on March 6, 2009, Defendants then filed a Motion to Limit Damages (Doc. 27) asserting because Plaintiff represented in his bakruptcy proceeding that the value of his FDCPA claim was no more than $1,000.00, Plaintiff must be judicially estopped from claiming in the instant matter that he entitled to more than $1,000.00.  The motion was not heard until May 18, 2009.   At the hearing on Defendant's Motion to Limit Damages, Mr. Anderson represented to the Court that the average settlement for an FDCPA case is between $3,500.00 to $5,0000.00 with $1,000.00 of the settlement reserved for the plaintiff. (**Exhibit 6** - May 18, 2009 Hearing Transcript, p. 25).

On May 19, 2009, the Court ruled, in part, that Plaintiff's damages could not exceed $1,000.00. (Doc. 61) (**Exhibit 7: May 19, 2009 Order**).   After the Court's ruling, Defendants filed a Rule 68 Offer of Judgment which was accepted by Plaintiff. (Doc. 63).  The court's May 18, 2009 ruling confirmed that this matter is only worth $1000.00.   The unpaid Target credit card balance for $1,209.38 which was the basis for the FDCPA claim was previously discharged by the bankruptcy court (**Exhibit 8: September 29, 2008 Discharge of Debtor**).

In this context, Plaintiff's counsel now seeks a total award of $51,884.47 ($64,855.59 discounted 20%) with regard to his fees and costs, where Plaintiff's maximum recovery was $1,000.00.  This is not appropriate especially where Defendants were forced to litigate this matter - including the issue that Plaintiff's claim was only worth $1,000.00.   Upon review of this memorandum and the docket entries in this matter, it is clear that Plaintiff's attorney fee award should be no more than $4,000.00.

---

[2] Defendants learned that Plaintiff had filed for bankruptcy on or about January 27, 2009, not on December 1,

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025 •  248-723-9520

## ARGUMENT

### I.      Plaintiff's Counsel Is Only Entitled To A "Reasonable" Attorney Fee

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter…is liable to such person" for damages, as well as "the costs of the action, together with a *reasonable* attorney's fee as determined by the court".  15 U.S.C. 1692k(a)(3) (emphasis added).  As the Sixth Circuit enumerated in *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994), "[A]fter considering the amount and nature of damages awarded, the court may lawfully award low fees or no fees".

The Sixth Circuit has also held that attorneys cannot be compensated for wasteful litigation.  In *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997), the district court found that the attorney time spent on an FDCPA case was "economic waste" and disallowed any attorney fees after the first Offer of Judgment.   On appeal, the Sixth Circuit affirmed the decision, noting "A reasonable fee…is one that is adequate to attract competent counsel but [does] not produce windfalls to attorneys".  *Id.* at 307 (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)).  In reaching its decision, the court noted that:

> The Congress that passed the Fair Debt Collection Practices Act in 1977 could have hardly have wished to reward lawyers for doing nonproductive work as wasting their adversaries' time and the time of the courts as well.  In directing the courts to award "reasonable" fees, on the contrary, Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary – nothing less, and nothing more.

*Id.* at 306-07.

In this case, the majority of the litigation concerns the March 6, 2009 Motion to Limit Damages (Doc 27).  The docket sheet consists of 68 entries.  (**Exhibit 10**).  Of the entries, Doc's 23 – 39, 44 – 46, 50 and 57 relate exclusively to the damages issue.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •   248-723-9520

---

2008 as alleged by Plaintiff in his Fee Application.

On its face and in light of the fact this matter was never worth more than $1,000.00, Plaintiff's fee request represents a windfall to counsel and is also contrary to the authorities cited above under both the "reasonableness" standard and a lodestar analysis, *infra*. With the knowledge that this matter was worth $1,000.00, Plaintiff's counsel proceeded at his own peril as he continued to litigate this matter with the expectation that he would be compensated for additional attorney time and costs where the potential maximum damage award was $1,000.00.

For the foregoing reasons, this Court should exercise an across the board reduction of Plaintiff's requested attorney fees by a significant percentage.

**II.    The Lodestar Formula Does Not Justify Plaintiff's Fee Request And Section 1692k Does Not Mandate A Fee Award In The Lodestar Amount**

A party seeking an award of attorney's fees has the burden to prove its request for fees is reasonable.  "[T]he plaintiff has the burden of substantiating the hours expended with sufficient clarity to enable the court to determine whether the claimed hours were in fact reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The party seeking fees must also submit evidence supporting the hours worked and the rates claimed.  See *Meheney-Egan v. Medoza*, 130 F.Supp.2d 884 (2001) *quoting Hensley* 461 U.S. at 433.  Hours are not reasonably expended if they are excessive, redundant or otherwise unnecessary.  *Ibid.*  As is the case here, a court has found that fees were not recoverable where "many time entries of debtor's attorneys were for discovery necessary for a company's challenge to debtor's actual damages claim, a claim as to which debtor and her attorneys were, and should have expected to have been, largely unsuccessful.  Fair Debt Collection Practices Act, §§ 807(4, 5, 7, 10), 808, 813(a)(3), 15 U.S.C.A. §§ 1692e(4, 5, 7, 10),1692f, 1692k(a)(3)." *Miller v.*

*Midpoint Resolution Group, LLC* 608 F.Supp.2d 389 (W.D.N.Y., 2009).[3]  *See also Lee v.*

*Thomas & Thomas,* 109 F.3d at 305) (stating FDCPA only authorizes a reasonable fee).

Significantly, partial or limited success may require the court <u>to depart</u> from the

lodestar analysis.  The 4th Circuit has noted that:

> If the concept of discretion is to have any meaning at all, it must encompass the ability to depart from the lodestar in appropriate circumstances.  *Hensley* itself recognized that, in certain circumstances, an award in the lodestar amount may be excessive.  When "a plaintiff has achieved only partial or limited success", the district court, in calculating an appropriate fee award, "***may simply reduce the award for the limited success***."  *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir. 1995), quoting *Hensley*, at 436-37. [emphasis added].

Here, Plaintiff's counsel achieved partial or limited success.  Plaintiff's Complaint

contains several causes of action and Plaintiff's cousnel continuously alleged in virtually

every pleading that Defednants contacted Plaintiff multiple times.  Yet Plaintiff testified at his

deposition that <u>the only telephonic contact with Defendants</u> was one (1), brief call with

Defendant on his personal cell phone around noon while standing in the parking lot of his

office.  Plaintiff did not know the exact date but guessed it was sometime in May 2008.

(**Exhibit 9** - Plaintiff's Deposition pp. 21-25.).

Based on Plaintiff's limited success, this Court is not required to follow the lodestar

approach and may reduce Plaitniff's amount accordingly.  Defendants vigorously encourage

he Court to do so.

**III.    If Utilized, The Lodestar Method Still Compels A Downward Adjustment Of Plaintiff's Fee Request**

Determination of an appropriate attorney fee involves consideration of factors first

enumerated by the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

---

[3] Plaintiff's counsel is also bound by Rule 1.5 of the Michigan Rules of Professional Conduct which states that "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."  Mich.  R.  Prof'l Conduct (MRPC) 1.5.

(5th Cir. 1974).[4]   The United States Supreme Court, in *Hensley,* 461 U.S. at 436,

acknowledged that the *Johnson* factors are relevant to evaluating claims for attorney's fees,

noting that the most critical factor is the degree of success obtained.   Therefore the district

court has the discretion to make downward adjustments to the lodestar figure based on the

degree of success obtained by a plaintiff.

### Application of the *Johnson* Factors.

A. <u>The Time and Labor Required</u>.

Factor (1), the time and labor required (to litigate the suit), weighs in favor of reducing

the number of hours.   Based on the relevant criteria, Plaintiff is entitled to be reasonably

compensated and no more.   Defendants submit that Plaintiff is entitled to reimbursement for

drafting the Complaint and other relevant work up to January 27, 2009, the date Defendants

informed Plaintiff's counsel that his case was worth no more than $1,000.00 (See Exhibit 5).

Plaintiff cannot demonstrate that a reasonable fee herein for his claims is over $56,256.00.

As argued above, Plaintiff's counsel should not be awarded a large sum for unnecessarily

complicating and prolonging the litigation where he had knowledge that Plaintiff's damages

were fixed.   Accordingly, Plaintiff's fee request should be drastically reduced.

B. <u>The Novelty and Difficulty of the Issues</u>.

In this case, there is nothing novel or difficult about drafting Plaintiff's Complaint for an

FDCPA violation.   Plaintiff's concomitant state law claims are redundant and arise out of the

same factual situation.   Moreover, Plaintiff accepted Defendants' Offer of Judgment which

---

[4] Counsel is further bound by the strictures of Rule 1.5 of the Michigan Rules of Professional Conduct. The rule articulates eight factors to be considered in determining the reasonableness of a fee: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

extinguished all other counts in his Complaint.   In other words, Plaintiff never intended to pursue his alternate claims.

C. <u>The Skill Required to Perform the Legal Services Properly</u>.

An attorney does not need to be very skilled to draft an FDCPA Complaint or litigate applicable motions or conduct legal research associated with same.

D. <u>The Preclusion of Other Employment by the Attorney</u>.

This provision is not applicable to Plaintiff's counsel.

E. <u>The Customary Fee</u>.

Defendants aver that $200 per hour is the highest appropriate fee in this case. Plaintiff requests $300 per hour as his billing rate.  This hourly rate is inappropriate because that rate does not reflect the prevailing market rates within the relevant community and is inflated. Further, Plaintiff's evidence is not satisfactory to establish his requested rates.  In support of his $300 per hour rate, Plaintiff offers his CV, a Lawyers Weekly article titled "The Economics of Law Practice in Michigan" and three affidavits from fellow attorneys.  (See Exhibits 6,7 and 11 - 13 of Pl.'s Fee Application, Doc. 65).   Though Mr. Anderson's CV states he has been practicing in Michigan since 1992, he declared at a hearing before this Court that he has only been practicing in the area of FDCPA litigation for two years.  (See Hr'g. Tr., p. 24, Exhibit 6).

The affidavits proffered do not support a $300 fee for Plaintiff's counsel.  First, the affidavit of Dani Liblang declares that this attorney has filed over 15,000 cases.  (See Exhibit 11, Pl.'s Fee Application).  Dani Liblang has vastly superior experience than Mr. Anderson and may be entitled to such a rate.  Second, Christopher Ambrose's affidavit states the he is a personal injury lawyer, not a consumer lawyer.  (See Exhibit 12, Pl.'s Fee Application). Third, the affidavit of James Shaw reveals that he has more experience in consumer rights and charges less - $250.00 per hour.  (See Exhibit 13, ¶ 3 and 12, Pl.'s Fee Application).

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 ● BINGHAM FARMS , MICHIGAN 48025 ● 248-723-9520

According to the Lawyers Weekly survey submitted by Plaintiff, 54 percent of associates with seven plus years of experience billed at a rate of $200 - $224 per hour.  (See Exhibit 7, p. 11, Pl.'s Fee Application).   The median billing rate for attorneys with 15 – 19 years experience is $200 per hour.  *Id.* at 12.   Further, the median billing rate in the primary filed of bankruptcy/debtor law is $198 per hour.  *Id.* at 13.   Mr. Anderson is an attorney with over 10 years experience, but less than two years experience in this area.   Therefore, the Court should hold that his rate should fall in the median at $200 per hour.

Plaintiff's billing rate for paralegals is also unreasonable.  Plaintiff is seeking an award of $125 per hour for his paralegals.   In support of this request, Mr. Anderson attaches a 1 page breakdown of attorney and paralegal fees charged by Michigan's larger firms.   (See Exhibit 8, Pl.'s Fee Application).   The Court should not consider this document as large firms can command such higher rates and the document is unsupported by any evidence. However, the Lawyers Weekly survey concludes that 50 percent legal assistants with over seven years experience billed at a rate of $71 - $80 per hour.  (See Exhibit 7, p. 12, Pl.'s Fee Application).   This Court should reduce Plaintiff's counsel's requested fee amount for both himself and his paralegals.   Based on the evidence, an award of $200 per hour for attorney time and $75 per hour for paralegals is appropriate.

F. <u>Whether the Fee Is Fixed or Contingent</u>.

Courts no longer can use this factor. *Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996).

G. <u>The Time Limitations Imposed by the Client or Circumstances</u>.

This provision is not applicable to Plaintiff's counsel.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •  248-723-9520

H. <u>The Amount Involved and Results Obtained</u>.

Plaintiff had knowledge that this matter was worth $1,000.00 yet Plaintiff's counsel proceeded unreasonably with these proceedings.   Plaintiff has no justification for the requested award.

I. <u>The Experience, Reputation and Ability of the Attorneys</u>.

See  paragraph E above.

J. <u>The Undesirability of the Case</u>.

The Complaint asserted against Defendants  is based on an alleged violation of the FDCPA, which not only provides for the award of actual damages, but also for statutory damages for technical violations and the payment of attorney fees.  Accordingly, it is not an undesirable case.  Further, the overabundance of cases filed under the FDCPA demonstrates that this is not the type of case that attorneys are unwilling to take.

K. <u>The Nature and Length of the Professional Relationship with the Client</u>.

This provision is not applicable to Plaintiff's counsel.

L. <u>The Award in Similar Cases</u>.

In *Carroll v. Wolpoff & Abramson*, 53 F.3d 626 (4th Cir. 1995), the Court rejected a fee application in excess of $10,000 and instead awarded $500 in attorney fees, even though Plaintiff's counsel prevailed on appeal. *See also Leyse v. Corporate Collection Services, Inc*., 2008 WL 731976 (S.D.N.Y. Mar. 19, 2008) (Court awarded  statutory damages in the amount of $1,000, but held 40% reduction in attorney fees appropriate).

**IV.    Defendants Proposed Resolution**

From the outset, the only issue in this case was Mr. Anderson's and Mr. Parker's attorney fees.  Based on the authorities cited herein, Defendants urge this Honorable Court to award $4,000.00 in attorney fees to Mr. Anderson & Mr. Parker.  Defendants also urge the Court to award costs of $350.00 relative to the filing fee.

**V.    Additional Reasons For Reducing Plaintiff's Attorney Fee Award - Specific Hour Reductions**

As stated previously, in making a determination of whether to reduce a fee award "[t}he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 US at 436-37. Without waiving its right to request an overall reduction of the fee award to account for the Plaintiff's limited success, Defendants aver that many of Plaintiff's billed hours should be eliminated or reduced.  (See Exhibit 4, Pl.'s Fee Application).

Plaintiff's counsel has stated in his sworn affidavit that he expended 187.49 hours on this matter while at the same time his paralegals expended an additional 47 hours.  (Exhibit 1, Pl.s Fee Application).  The 234.49 total hours spent by Plaintiff on this litigation are simply not compensable in light of the standards articulated herein.   Defendants submits the following specific hours should be eliminated or reduced from the affidavit of Plaintiff's counsel.   In the alternative to the specific hour reductions submitted below, Defendants requests that the court render an overall reduction of the fee award to account for the plaintiff's severely limited success.

**No Fees after Acceptance of Offer of Judgment**

Plaintiff is not entitled to fees incurred after service of Defendants' Offer of Judgment. Defendants served the Offer of Judgment on May 26, 2009 and Plaintiffs accepted the Offer of Judgment on May 28, 2009.  (See Doc. 63).  The terms of Defendants' Offer of Judgment stated, "Judgment shall be entered against Defendants in the amount of 1,001.00, plus all costs and reasonable attorney fees that have accrued <u>as of the date of service</u> of this Offer of Judgment."   Accordingly, Plaintiff's counsel cannot claim any fees incurred after May 26, 2009.  *See Young v. Diversified Consultants, Inc*. 554 F.Supp.2d 954, 957 (D. Minn. 2008); *See also Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997).  Plaintiff's counsel's billing records that must be eliminated include the following:

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025 •  248-723-9520

| Date | Name | Notes | Duration |
|---|---|---|---|
| 05/27/09 | RCA | Email to Defendant accepting its Offer of judgment | 0:10 |
| 06/08/09 | RCA | Final pre-trial conference – receive dates to file fee application | 1:50 |
| 06/08/09 | RCA | Travel time to Court for final pre-trial conference | 2:20 |
| 06/10/08 | RCA | Tel conference with Def Atty re settlement prior to prepare fee application | 0:20 |
| 06/10/08 | RCA | Advise client case settled | 0:20 |
| 06/13/09 | RCA | $30.00 – Parking costs in Detroit - $10 x3 (12/1/08, 3/4/09, 6/8/09) | $30.00 |
| 06/13/09 | RCA | Reviewing file, both hard copy and electronic and finalizing time entries | 3:40 |
| 06/13/09 | RCA | Prepare fee application and memorandum of law | 4:50 |
| **Total Hours** | | | **12.1** |
| **Amount:** | | | **$3,630.00** |
| **Total Expenses** | | **Parking** | **$30.00** |
| **Total Amount** | | | **$3,660.00** |

**Preparation of Plaintiff's Complaint**

The time spent preparing Plaintiff's Complaint is excessive and duplicative. Note the inordinate amount of time billed on the Complaint. Plaintiff's counsel allegedly spent over 7 hours on preparing the Complaint. Additionally, the Complaints filed by Mr. Anderson are "cookie cutter" versions as he files many such FDCPA claims.

| Date | Name | Notes | Duration |
|---|---|---|---|
| 10/03/08 | BE | Make revisions to complaint; Prepare two (2) summons and civil cover; file with court | 0:54 |
| 07/27/08 | RCA | Attorney drafting documents – Complaint | 1:15 |
| 07/28/08 | RCA | Drafting documents – Complaint | 1:50 |
| 08/03/08 | RCA | Drafting documents – Complaint | 0:45 |
| 08/03/08 | RCA | Consultation on the phone with Robert | 0:15 |
| 08/10/08 | RCA | Attorney draft motion for trustee abandonment of FDCPA Claim | 1:12 |
| 08/12/08 | RCA | Drafting documents revisions to complaint for abandonment | 0:15 |
| 09/14/08 | RCA | Met with Robert to review complaint. Revisions noted | 1:10 |
| 09/19/08 | RCA | Atty drafting complaint-revising per client – meeting | 0:40 |

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD   STE. 410 •   BINGHAM FARMS , MICHIGAN 48025 •   248-723-9520

| 09/26/08 | RCA | Attorney meet with client and revise complaint | 1:20 |
|----------|-----|-----------------------------------------------|------|
| **Total Hours** | | | **7.76** |
| **Total Amount** | | | **$2,233.50** |

### Plaintiff should not be awarded travel time or travel costs

An award of attorney fees is by definition compensation for legal work performed by an attorney and non legal work must command a lesser rate. *See, e.g., Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).  Further, an attorneys' traveling expenses incurred in attending depositions and expenses incurred in making investigations are not recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (7th Cir. 1975). Therefore, the Court should reduce the following Plaintiff's travel time and deduct all travel expenses, including mileage.

| Date | Name | Notes | Duration |
|------|------|-------|----------|
| 12/01/08 | RCA | Travel to and from court for scheduling conference | 2:10 |
| 12/01/08 | RCA | Mileage from RCA office in Davison to Court Scheduling conference | $77.00 |
| 02/04/09 | RCA | Travel to ADR Conference – round trip Parker | 1:00 |
| 02/13/09 | RCA | ADS Status Conference in Detroit 3:00 PM Brian Parker Mileage | $17.60 |
| 03/04/09 | RCA | Travel round trip to ADR Conference | 2:20 |
| 03/04/09 | RCA | Hearing on our Motion for Protective Order – Judge Lawson – DETROIT | $77.00 |
| 03/04/09 | RCA | Hearing on our Motion for Protective Order – Judge Lawson – DETROIT | $17.50 |
| 03/17/09 | RCA | Travel time round trip to Sue Johnson Deposition | 2:40 |
| 03/17/09 | RCA | Deposition of Defendant's Designated Rep in Bingham Farms | $50.49 |
| 03/17/09 | RCA | Travel to Defense counsel office for 30b6 deposition Bingham Farms | $53.90 |
| 04/16/09 | RCA | Travel time to and from Neidle's office for depositions | 2:40 |
| 05/18/09 | RCA | Travel time round trip to Court for hearing on motions | 2:20 |
| 05/18/09 | RCA | Travel to Court Detroit – Motion to Limit Damages, Motion to deem RTA a… | $77.00 |
| 06/08/09 | RCA | Travel time to Court for final pre-trial conference | 2:20 |
| 06/08/09 | RCA | Travel to Court Detroit-Final Pre-trial conference | $77.00 |
| **Total Hours** | | | **14.5** |

| Amount | | | $4,350.00 |
|---|---|---|---|
| Total Expenses | | | $447.49 |
| Total Amount | | | $4,797.49 |

### Email Billing must be eliminated

Plaintiff's counsel billed for a significant amount of routine emails.  Further, it is confusing whether Plaintiff's counsel bills in .10 or .15 increments.  However, many of the emails are billed in .15 increments.  Here, the emails are secretarial in nature and billing 15 minutes per email is highly unreasonable because, for example, four emails billed at 15 minutes piece equates to charging $300.00.

According to Plaintiff's counsel's billing records, there were a total of 94 emails sent:

11 emails sent by Paralegal "BE"
23 emails sent by Paralegal "DMG"
60 emails sent by Rex C. Anderson.

Defendants request that all email entries be eliminated.  The following billing entries that were also secretarial in nature should be eliminated:

| Date | Name | Notes | Duration |
|---|---|---|---|
| 01/14/09 | BE | Conference with Maureen regarding depositions and discovery | 0:30 |
| 01/22/09 | BE | Send RCA email attaching all deposition notices and Correspondence | 0:30 |
| 01/21/09 | DMG | Telephone call to Benchmark Reporting Agency regarding cancellation of our deposition of defendant | 0:15 |
| 01/22/09 | DMG | Email to client confirming receipt of files | 0:15 |
| Total hours | | | .9 |
| Total Amount | | | $1,125 |
| | | | |

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •   248-723-9520

**Communications with co-counsel Brian Parker**

In this case, the necessity of obtaining co-counsel is unwarranted and lacking explanation by Plainitff's counsel.  Accordingly, all time entries with regard to Brian Parker should be omitted, including the following:

| Date | Name | Notes | Duration |
|------|------|-------|----------|
| 02/12/09 | RCA | Tel call to Brian Parker – requesting that he act as co-counsel and appear at the ADR conference | 0:30 |
| 02/12/09 | RCA | Email to lemonlaw@ameritech.net requesting he file appearance as co-counsel | 0:15 |
| 02/12/09 | RCA | Email to Brian Parker regarding bankruptcy exemptions | 0:15 |
| 02/12/09 | RCA | Email to Brian Parker regarding Interim Status Conference/ADR Conference and summary of ca… | 0:45 |
| 02/16/09 | RCA | Email to Brian Parker requesting update Levander vs IC (ADR Conference scheduled for 02/13/…) | 0:15 |
| 02/16/09 | RCA | Email from Brian Parker regarding update on status conference | 0:15 |
| 02/16/09 | RCA | Email to Brian Parker regarding P's Motion for Protective order | 0:15 |
| 03/03/09 | RCA | E-mail from and in response to Brian Parker advising that Rex will cover upcoming hearing | 0:40 |
| 03/04/09 | RCA | Email to Brian Parker regarding updating Parker on P's Motion to Compel the 30(b)(6) Deposition | 0:30 |
| 03/16/09 | RCA | Email to Brian Parker regarding his hourly rate | 0:20 |
| 03/16/09 | RCA | Email from Brian Parker – his hourly rate | 0:15 |
| 04/29/09 | RCA | Email to Brian Parker regarding deposition transcripts of Karen Jonas and Sue Johnson | 0:15 |
| 04/29/09 | RCA | Email to Brian Parker regarding case status | 0:45 |
| 05/06/09 | RCA | Telephone conf with Brian Parker – re 6th circuit standard jury instructions | 0:15 |
| 05/06/09 | RCA | Telephone conf with Brian Parker re Plaintiff's counsel being called as witness | 0:20 |
| 05/06/09 | RCA | Email to Brian Parker regarding trial date of 06/23/09 at 8:30 AM | 0:15 |
| 05/15/09 | RCA | Email to Brian Parker updating/summarizing him on depositions | 1:15 |
| 05/17/09 | RCA | Email to Brian Parker regarding status as co-counsel | 0:15 |
| **Total Hours** | | | **4.95** |
| **Total Amount** | | | **$1,485** |

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD . STE. 410 • BINGHAM FARMS . MICHIGAN 48025  •  248-723-9520

**Miscellaneous billing items**

The following entries are unrelated to legal work or redundant:

| 01/20/09 | DMG | | E-mail to client regarding difficulty in converting discovery in MS Word | 0:15 |
|---|---|---|---|---|
| 01/21/09 | DMG | | Telephone call to Benchmark Reporting Agency regarding cancellation of our deposition of defendant | 0:15 |
| 01/22/09 | DMG | | Email to client confirming receipt of files | 0:15 |
| 03/11/09 | RCA | | Research case law and prepare response to defendants Motion to Limit Damages | 6:45 |
| 03/15/09 | RCA | | Research case law and prepare response to defendant's Motion to Limit Damages | 6:45 |
| 03/22/09 | | RCA | Prepare time entries for all e-mails on Levander case to be incorporated into final fee application | 1:15 |
| 03/24/09 | | RCA | Email to law clerk regarding case status and directives pull 1927 cases | 0:15 |
| 04/21/09 | | RCA | Download and review of Court ECF procedures | 0:40 |
| 05/01/09 | | RCA | Reviewing federal court docket | 0:42 |
| 05/08/09 | | RCA | Conference with RA re research on Atty-client privelege | 0:40 |
| **Total Hours** | | | | **15.87** |
| **Total Amount** | | | | **$4,682.25** |

**Plaintiff's Bankruptcy**

Counsel and his staff have also attached time entries that do not relate to the instant litigation.  Paralegal Bobbie Elvin ("BE") records three entries on August 11, 2008, and September 5, 2008 which relate to the bankruptcy.  An unknown staff member with the initials DMG also recorded entries related to the bankruptcy.  Similarly, Mr. Anderson's time keeping records contain the follwong entries that relate to the bankruptcy and should be eliminated:

| Date | Name | Notes | Duration |
|---|---|---|---|
| 08/11/08 | BE | Save COS from Certificate of Service to file; file Motion, Notice and COS with Court | 0:30 |
| 08/11/08 | BE | Make revisions to Motion per RCA changes; upload motion and notice for matrix mailing to COS | 0:30 |
| 09/05/08 | BE | Draft Certificate of No Response and proposed | 0:30 |

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 ◆  BINGHAM FARMS , MICHIGAN 48025 ◆  248-723-9520

| | | order; file with court; submit for entry | |
|---|---|---|---|
| 08/21/08 | DMG | Mailed signed reaffirmation to GMAC | 0:15 |
| 10/08/08 | DMG | Email to clients regarding Order of Discharge | 0:15 |
| 10/08/08 | DMG | Email to clients regarding post-discharge paperwork | 0:15 |
| 12/11/08 | DMG | Enter all deadlines in Amicus | 0:45 |
| 12/12/08 | DMG | Email to clients regarding Consumer Letter | 0:15 |
| 07/23/08 | RCA | Prepare intake forms for meeting with clients. Review bankruptcy file | 0:45 |
| 07/23/08 | RCA | Meeting with Rob and Shiloh for a overview meeting | 1:45 |
| 07/27/08 | RCA | Attorney drafting documents – Complaint | 1:15 |
| 07/28/08 | RCA | Drafting documents – Complaint | 1:50 |
| 08/03/08 | RCA | Drafting documents – Complaint | 0:45 |
| 08/03/08 | RCA | Consultation on the phone with Robert | 0:15 |
| 08/10/08 | RCA | Attorney draft motion for trustee abandonment of FDCPA Claim | 1:12 |
| 08/12/08 | RCA | Drafting documents revisions to complaint for abandonment | 0:15 |
| 04/21/09 | RCA | Research and review cases on Bankruptcy exemptions | 0:40 |
| **Total Hours** | | | **8.77** |
| **Total Amount** | | | **$2,289.75** |

Apart from being patently unreasonable, the time entries submitted by Plaintiff contain many inaccuracies. Defendants do not concede that Plaintiff is entitled to anything more than a deminimus attorney fee award with regard to this matter. Defendants also do not concede the accuracy of the time keeping records submitted and further, defendants do not concede the reasonableness of the time spent or the method(s) used to calculate the time (quarter hour increments) .

Counsel's time entries demonstrate that the total time expended by he and his office (and Attorney Brian Parker) is not only unreasonable but many of the entries suggest that they are inflated and relate to time spent well in advance of the filing of this litigation. For example, most of the time reflected is billed in quarter hour increments rather than in tenths of an hour as is customary. The total bill when calculated in quarter hours increments at $300.00 per hour for a case worth $1000.00 is, on its face unreasonable. Plainitff's counsel

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS , MICHIGAN 48025 • 248-723-9520

knew early on in this case that Plaintff's damages were limited to $1,000.00, yet continued to protract this litigation.  For Plaintiff to demand over $56,000.00 in legal fees and expenses is unconscionable.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Plaintiff's Fee Application be denied.

Respectfully submitted,

Dated:  June 20, 2009

/s/ Daniel J. Ammon
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2009, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

***Rex C. Anderson, Esq.***

***Brian Parker, Esq.***

and I hereby certify that I have mailed by United States Postal Service the documents to the following non ECF participants:  ***N/A***

Dated:  June 20, 2009

/s/ Daniel J. Ammon
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923
Attorneys for Defendants

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520