UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER                                   Case No. 2:08-cv-14241

    Plaintiff,                                          Hon:  David M. Lawson

-vs-

I.C. SYSTEM, INC., and
JOHN DOE,

    Defendants.

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

It appears that the court's inquiry is, "what is a reasonable attorney fee for a statutory $1000.00 recovery?" The short answer is: a fee based upon a reasonable hourly rate multiplied by the time spent by Plaintiff's law firm (which this Court finds reasonably expended) from the date Plaintiff filed his complaint until May 26, 2009, when Defendant submitted its second Offer of Judgment.

The liability proofs for establishing a statutory violation are exactly the same as with establishing an actual damage claim. Plaintiff intended to present only the liability facts along with Plaintiff's own testimony of his aggravation to the trier of fact as the basis for a jury determination on whether actual damages were warranted in this case. No additional proofs were necessary.

Defendant argues that Plaintiff's time spent prosecuting and proving up this FDCPA case was "economic waste" in light of the limited recovery of $1000.00.  However, Plaintiff's focus was spent entirely on establishing the liability required to prove the statutory violations of 15 USC 1692d, "conduct the natural consequence of which is to harass, oppress, or abuse any

person" and 15 USC 1692d (5), that Defendant "caused the phone to ring … repeatedly. Damages could be inferred from the liability proofs without expert testimony.

The vast majority of cases are statutory. Defendant does not argue that Plaintiff is not entitled to statutory damages of $1000.00. However, Defendant failed to make an offer of judgment which compensated Plaintiff for his statutory damages, $1000.00 exclusive of attorney fees until a few weeks prior to the trial date. Since it is Defendant who solely has the mechanism of using the offer of judgment to limit the attorney fees at any time during the litigation, Defendant cannot now argue that Plaintiff forced Defendant "to litigate." The Defendant was fully aware it had caused Plaintiff's phones to ring incessantly for a three-week period and it deliberately programmed its automatic dialer to do so. (See Exhibit A - Sue Johnson's testimony on the Defendant's strategy behind the automatic dialer).

The bottom line is that Defendant never conceded that this case was even a statutory violation case until several weeks before trial when it submitted its second offer of judgment. Had the Defendant truly wanted to limit its damages and economic exposure, it would have filed an effective offer of judgment at the beginning of this case thereby limiting the ever mounting legal fees for the Plaintiff, which it directly caused to increase.

The *Rivera* Court held that in determining reasonable attorney fees after a jury awarded the consumer $1000.00 statutory damages, that the consumer's rejection of the defendant's pre-trial offer of judgment in the total amount of $4000.00 was reasonable, because the consumer's reasonable attorney fees at the time of the offer were more than $3000.00. The court made the insightful comment that this case helps illustrate: "A defendant who discovers a technical violation of the FDCPA should consider the economics of an immediate filing of an offer of judgment 'up to $1000.00 statutory damages plus reasonable fees to be decided by the court.'

Courts are capable of exercising sound discretion in determining how much statutory damages are appropriate, and what hourly rate is reasonable in the locality among the lawyers of comparable skill and experience. Leaving the amount of the attorney fees to the discretion of the court avoids the pitfall of offering acceptable damages but fees that are unreasonably low, though only barely so."

The Defendant in this case, at its own peril, made an ineffective first offer of judgment in a solid statutory violation case by not offering reasonable attorney fees to be determined by the court. Had this been done, the Defendants would have been in a better position to argue to cap attorney fees when the court ultimately found the Plaintiff not entitled to actual damages. Defendant testified it knew of the Plaintiff's bankruptcy and logged this fact into their system. Nevertheless, Defendant waited five months to bring its motion for immediate consideration to limit damages. In the meantime, Defendant's dilatory tactics in refusing to provide answers and documents responsive to Plaintiff's discovery requests as well as refusing to produce its 30(b)(6) witness, produced much unnecessary litigation and time expended.

**Motions and briefs** - although not always decided in Plaintiff's favor, these served a dual purpose in educating the court on various issues including - Defendant's initial denials of wrong doing despite its own records to the contrary, the ineffectiveness of Defendant's first offer of judgment, the Plaintiff's counsel being listed as a witness to be called at trial, the irrelevancy of the Plaintiff's bankruptcy, etc. This education process should still be compensable as though it were a memorandum submitted on issues to be presented at trial. The only difference was that the court received it in advance of trial, benefiting both the court and Defendant in giving both additional time to research the issues.

**Duplication** - Plaintiff's preliminary research and drafting of pleadings was done at a lower hourly rate and was only reviewed and refined by the attorney. This was more cost effective. Many items Defendant claimed as redundant were not redundant and required further and different research, analysis and drafting.

**Hourly rate** - FDCPA practice is narrow and no state has a huge quantity of consumer attorneys. Plaintiff's counsel is one of the only attorneys practicing FDCPA in the areas of Genesee, Lapeer and counties north of these counties. While it is true, that Plaintiff's counsel has only begun to specialize in FDCPA during the last three years, he has handled numerous Michigan Consumer Protection cases in state court over the past 12 years. Moreover, he has expended considerable time and resources educating himself in this area as opposed to the trial and error method by which many attorneys gain experience. This Court has sufficient pleadings and work product of the Plaintiff's law firm to determine a fair and reasonable hourly rate.

**Number of hours** – Plaintiff's counsel did his best to accurately document actual hours expended and did so in most instances, contemporaneously with the task. This case was litigated until a few weeks before the trial date including the filing of motions in limine and working on the final pre-trial order.

**No charge items** - Plaintiff's records are specific and not vague. There is much more than the 30 hours documented which were designated "no charge" time entries. There was also no postage and photocopy charges.

Although Plaintiff concedes that the time expended after the offer of judgment was filed (including the 20 plus hours preparing the fee application, preparing and attending the hearing and preparing the reply) may not be compensable, there is no authority to preclude the court from considering this actual time spent finalizing the case when analyzing Defendant's

4

arguments to reduce the fee award overall. If the court follows the Defendant's rationale the Plaintiff's hourly attorney fees will be less than $25.00 per hour.

Defendant argues many specific time entries should not be compensated and totals up these dollar amounts to be reduced using $300.00 per hour rate which it vigorously argues should not be more $200.00. Any consideration should be re-adjusted in light of the Court's determination of Plaintiff's counsel's hourly rate.

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorney fees. **The District of Nevada stated that ''plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying.'' Ilick v. Miller, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).** The FDCPA grants the successful plaintiff ''the costs of the action.'' 15 U.S.C. §1692k(a)(3). Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). **Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. Libertad v. Sanchez, 134 F.Supp.2d 218, 236 (D.P.R. 2001).** Costs may be recovered as provided for by statute as well as 28 U.S.C. § 1920. See: *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Thus, the Plaintiff's litigation expenses and costs are compensable.

June 25, 2009                    */s/ Rex C. Anderson*_____
                                              Rex C. Anderson (P47068)
                                              9459 Lapeer Rd
                                              Davison, MI 48423
                                              Tel. (810) 653 3300
                                              Fax. (810) 658 2510
                                              Eml. rex@rexandersonpc.com

## CERTIFICATE OF SERVICE

I certify that on June 25, 2009, the foregoing papers were electronically filed with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Daniel J. Ammon | Gregory R. Neidle | Brian P. Parker |
| 30150 Telegraph Rd. | 30150 Telegraph Rd. | 30700 Telegraph Rd. |
| Suite 410 | Suite 410 | Suite 1580 |
| Bingham Farms, MI 48025 | Bingham Farms, MI 48025 | Bingham Farms, MI 48025 |

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Rex C. Anderson*
　　　　　　　　　　　　　　　　　　　　　　　　　Rex C. Anderson, Esq. (P47068)
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　9459 Lapeer Rd, Suite 101
　　　　　　　　　　　　　　　　　　　　　　　　　Davison MI 48423
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (810) 653-3300
　　　　　　　　　　　　　　　　　　　　　　　　　rex@rexandersonpc.com