UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEVANDER,

        Plaintiff,                            Case Number 08-14241

v.                                                     Honorable David M. Lawson

I.C. SYSTEM, INC., and JOHN DOE,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND DIRECTING ENTRY OF JUDGMENT

Plaintiff Robert Levander commenced this action on October 3, 2008 alleging that the defendant violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.*, when it attempted to collect a debt owed by the plaintiff. The defendant answered the complaint, and the parties engaged in extensive discovery. On May 26, 2009, the defendant submitted an offer of judgment under Federal Rule of Civil Procedure 68 "in the amount of $1,001.00, plus all costs and reasonable attorney['s] fees that have accrued as of the date of service of this Offer of Judgment." Offer of Judgment [dkt. # 63-3] at 2. The plaintiff accepted the offer on May 28, 2009, and on June 1, 2009 the defendant notified the Court that the offer was accepted. The parties were not able to resolve the issue of an amount of a reasonable attorney's fee, and they agreed to submit the matter to the Court. They filed briefs, and the Court heard argument on June 23, 2009. The Court now orders entry of judgment in favor of the plaintiff in the amount of $1,001, plus costs in the amount of $2,248.45 and attorney's fees in the amount of $11,250.00.

I.

The plaintiff owed a balance on a Target Corporation credit card in the amount of $1,209.38. He alleged in his complaint that the defendant engaged in outrageous practices in an effort to collect that debt. He contended, for instance, that the defendant's representatives placed serial telephone calls to his residence and cell phones in an effort to harass him, including placing 66 calls on May 27 and 28, 2008 alone. The defendant denied liability. The plaintiff's discovery requests included requests to admit and document demands. Plaintiff's counsel conducted three depositions of the defendant's representatives in Minnesota. Eventually, a third-party subpoena uncovered telephone records showing that 185 collection calls were placed to the plaintiff's cell phone from the defendant's collection facility in St. Paul, Minnesota during May 2008.

Meanwhile, on May 28, 2008, the plaintiff and his wife filed a petition for bankruptcy under Chapter 7. The case was assigned to Bankruptcy Judge Daniel Opperman, and given case number 08-32204. On Schedule B, listing personal property, "Potential FDCPA Claims against Collection Companies" was listed as a joint asset, and "[$]1,000.00" was listed as the Current Value of Debtor's Interest in Property. He claimed an exemption for this lawsuit under 11 U.S.C. § 522(d)(5), which allows a debtor an exemption of $1,075 plus any amount of exemption left over from section 522(d)(1) up to $10,125. He claimed no exemptions under section 522(d)(1), and $6,303.24 in exemptions under section 522(d)(5).

On August 11, 2008, the debtor filed a motion to abandon property, stating:

2. Listed on Schedule B of the debtors' bankruptcy schedules is a potential claim under the Fair Debt Collection Practices Act.
3. The debtors have listed this property as an accounts receivable with a value of $1,000.00. The debtors have also claimed this property as fully exempt in their bankruptcy schedules.
4. The Trustee has not objected to the debtors' claim of exemption in this property nor has any creditor.
5. The property so listed is of inconsequential value and benefit to the estate.

> 6. On July 8, 2008 attorney for Debtors received notification from the Court that Chapter 7 Trustee Collene Corcoran filed her Trustee's Report of No Distribution.

*In re Levander*, Mot. to Abandon Prop. at 1 (Bankr. E.D. Mich., filed Aug. 11, 2008). On September 8, 2008, the bankruptcy court granted the motion, and on September 29, 2008, the court granted the debtor a discharge.

The defendant took the position throughout the lawsuit that although it was not liable, the plaintiff was estopped from claiming damages in excess of $1,000 because of his representations to the bankruptcy court. The defendant did not concede liability until February 3, 2009, when it filed an offer of judgment for $1,000. However, the offer did not include a provision for attorney's fees, and the plaintiff rejected it. Eventually, the Court ruled that damages must be limited, but the attorney's fees issue remained unresolved.

## II.

The Fair Debt Collection Practices Act provides that

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
> . . . and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a).

"'A reasonable fee,' . . . 'is one that is adequate to attract competent counsel, but [does] not produce windfalls to attorneys.'" *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). "[I]nsofar as legal work for which

a fee is being sought represents 'economic waste,' the fee request is unreasonable." *See id.* at 306. The award of reasonable attorney's fees is mandatory under the FDCPA. *Id.* at 307 n.8. However, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (42 U.S.C. § 1988).

The plaintiff's attorney contends that he has expended time prosecuting this action that translates into fees amounting to $62,123.25, which he bills at $300 per hour for most of the time and $125 per hour for a small portion of the time. He is willing to discount that figure by 20%. He also seeks costs of $2,732.34, making his total final request $51,884.47.

The defendant contends the plaintiff knew all along that his damage claim was worth no more than $1,000, since that is what he told the bankruptcy court it was worth. And even if there was some doubt about the damage claim when the case was filed in October 2008, the plaintiff should have been on notice of the amount of the claim when the defendant filed its motion to limit damages on March 6, 2009. Either way, the defendant argues, it is unreasonable to award a $50,000-plus attorney's fee on a claim that was worth no more than $1,000 from the start.

When calculating a reasonable attorney's fee, "[t]he most useful starting point" is to calculate the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Lee*, 109 F.3d at 306 n.7. The lodestar amount carries a presumption of reasonableness, but despite this presumption, a district court has broad discretion to fashion a reasonable award of attorney's fees under the FDCPA. *Norton v. Wilshire Credit Corp.*, 36 F. Supp. 2d 216, 219 (D.N.J. 1999). "The court should . . . exclude excessive, redundant or otherwise unnecessary hours." *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th

Cir. 2006) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)). As the Supreme Court has explained:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 434 (internal citations omitted). To determine a reasonable hourly rate, the Court must award a fee "that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Hadix*, 65 F.3d at 535 (internal citations, alterations, and omissions omitted). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).

Plaintiff's counsel argues that he is entitled to an hourly fee of $300, based on his experience of seventeen years as a personal injury lawyer litigating in state courts. He says that at some point in his practice he turned his attention to FDCPA cases and has developed a "niche." However, he acknowledges that he confines his activities to "relatively straightforward FDCPA cases," and seeks advice from "experienced consumer rights counsel on more complex cases." Pl.'s Br. in Support of Pet. for Atty.'s Fees at 7.

Generally, a reasonable hourly rate is calculated by reference to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The appropriate rate . . .

is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). State Bar surveys of rates may be an appropriate guide, although they are not dispositive in establishing the market rate. *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (citing *Gonter*, 510 F.3d at 618 & n.6 (referring to an Ohio State Bar Association survey of hourly billing rates "[a]s a point of reference")).

The State Bar of Michigan 2007 Economics of Law Practice Summary Report states that the median hourly litigation billing rates for Wayne County and downtown Detroit are $200 and $210, respectively. The Grand Rapids area has the highest median hourly litigation billing rate at $237.50. The mean hourly litigation billing rates for attorneys in practice 15-19 years is $200; and the mean hourly rate for a sole practitioner is $195.

The survey rates are lower than those sought by plaintiff's counsel, but as median rates they serve as a guidepost against which to measure a reasonable rate "sufficient to encourage competent representation." *Gonter*, 510 F.3d at 618. The plaintiff has furnished a list of hourly billing rates for partners at large law firms in the vicinity, but the Court does not believe that the data is relevant to the billing rates of sole practitioners handling garden-variety consumer cases. The plaintiff also furnished affidavits from other area attorneys who handle consumer cases, each of whom attest that a $300 hourly rate is reasonable. However, those attorneys have considerably more experience in the field than plaintiff's counsel; they appear to be the more experienced consumers rights counsel to whom Mr. Anderson turns for advice on complex cases, and it follows logically that they would command a higher rate. The Court believes that an hourly rate of $200 more accurately reflects the appropriate billing rate for the plaintiff's attorney in this case. That rate is at the median level and

is sufficient to encourage similarly-situated attorneys to engage in the representation of claimants with similar complaints.

The amount of time spent on this case to establish liability is reasonable. The plaintiff must prove a statutory violation regardless of the amount of damages. The defendant denied liability, and the plaintiff had to travel to Minnesota to take the depositions of the corporate representatives. Time spent on litigating the damages issue, however, is another matter. Plaintiff's counsel was well aware of the representation to the bankruptcy court that the claim was not worth more than $1,000. The trustee relied on that representation in deciding whether to abandon the claim. The effort expended resisting the notion that the damage claim was worth more was not well spent. Nor was the plaintiff's motion for attorney's fees under 28 U.S.C. § 1927 appropriate. The Court, therefore, will exclude the time that relates to those matters and the time spent consulting with other attorneys. In addition, the Court will exclude time spent after the plaintiff accepted the offer of judgment on May 28, 2009. *See Lee*, 109 F.3d at 306-07.

"There remain other considerations" after the lodestar figure is calculated, such as whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434 (internal citations omitted). "When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437. "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Nonetheless, "a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised." *DiLaura v. Twp. of Ann Arbor*,

471 F.3d 666, 672 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005)). However, the Sixth Circuit has instructed that "[i]n directing the courts to award 'reasonable' fees, on the contrary, Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary — nothing less, and nothing more." *Lee*, 109 F.3d at 306-07.

So what is a reasonable fee for pursuing a claim that is worth no more than $1,000? Certainly not the amount claimed by the plaintiff in this case. On the other hand, when enacting the FDCPA and establishing statutory damages at $1,000, Congress must have contemplated that fee awards could reach several times the damage claim when liability is hotly contested. The Act is remedial in its purpose, *see* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . ."), and attorney's fees are awarded to achieve that purpose, *Frey v. Gangwish*, 970 F.2d 1516, 1518 (6th Cir. 1992) ("To achieve this broad remedial purpose, the statute makes violators of its provisions liable for actual damages, statutory damages, costs, and attorney's fees."). And in such potential cases, defendants can cut off fees with a proper offer of judgment under Rule 68. *See Rivera v. Corporate Receivables, Inc.*, 540 F. Supp. 2d 329, 336 (D. Conn. 2008) ("A defendant who discovers a technical violation of the FDCPA should consider the economics of an immediate filing of an offer of judgment 'up to $1,000 statutory damages plus reasonable fees to be decided by the court.'").

Nonetheless, a rule of reason must prevail, and expending nearly 200 hours of attorney time on a $1,000 case is not reasonable, particularly when the plaintiff admitted to the bankruptcy court that the case was worth no more than that at the outset. The Court finds that an attorney's fee of

$11,250 represents reasonable compensation for the time properly spent on the prosecution of this action, considering the effort expended, the degree of resistance from the defendant encountered by the plaintiff, and the limited success achieved by plaintiff's counsel, who claimed that the plaintiff was entitled to actual damages despite the representation to the bankruptcy court. *See Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (stating that "if the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result" (citing *DiLaura*, 471 F.3d at 672)). That amount includes paralegal fees for the services charged.

The plaintiff also seeks an award of costs under 15 U.S.C. § 1692k(a) in the amount of $2,248.45. The statute allows a prevailing plaintiff to recover "costs of the action." 15 U.S.C. § 1692k(a)(3). As a general rule, such costs are limited to those allowed under 28 U.S.C. § 1920, that is, court fees, court reporter fees, witness fees, and the like. *See Oates v. Oates*, 866 F.2d 203, 206 (6th Cir. 1989). An offer of judgment under Rule 68 that includes a promise to pay "court costs" is deemed to be so limited as well. *Ibid.* In this case, however, the defendant offered to pay "all costs . . . that have accrued as of the date of service of this Offer." Offer of Judgment [dkt. # 63-3] at 2. Moreover, the defendant did not object to the plaintiff's requests for all his costs except his mileage, which amounted to $483.89. That objection is well taken; the plaintiff has cited no authority supporting a request for mileage justified by Rule 68, 15 U.S.C. § 1692k(a), or 28 U.S.C. § 1920. The remainder of the costs, however, are deemed to be part of the defendant's offer.

III.

The Court determines that a reasonable attorney's fee in this case under 15 U.S.C. § 1692k(a) is $11,250. The plaintiff also is entitled to costs pursuant to the defendant's offer of judgment in the amount of $2,248.45. He also will receive statutory damages, as offered, in the amount of $1001.

Accordingly, it is **ORDERED** that the plaintiff's petition for attorney's fees [dkt. #65] is **GRANTED IN PART**.

It is further **ORDERED** that plaintiff may have judgment against the defendant in the amount of $1001, plus attorney's fees in the amount of $11,250 and costs in the amount of $2,248.45 for a total of $14,499.45.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 25, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 25, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL